LATHAM & WATKINS LLP
  Michael H. Rubin (SBN 214636)
  *michael.rubin@lw.com*
  Robert W. Perrin (SBN 194485)
  *robert.perrin@lw.com*
  James H. Moon (SBN 286215)
  *james.moon@lw.com*
  Sarah F. Mitchell (SBN 308467)
  *sarah.mitchell@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for Defendant*
*LG Electronics U.S.A., Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RICHARD CONN,<br><br>       Plaintiff,<br><br>   v.<br><br>LG Electronics U.S.A., Inc.,<br>and DOES 1-100,<br><br>       Defendants. | No. _____<br><br>**NOTICE OF REMOVAL**<br><br>From the Superior Court of California,<br>County of Los Angeles, No. BC682080<br><br>Compl. Filed: Nov. 1, 2017 |

**TO THE CLERK AND TO PLAINTIFF AND HIS ATTORNEYS**:

**PLEASE TAKE NOTICE** that Defendant LG Electronics U.S.A., Inc. ("LG") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division. LG is entitled to remove this action to federal court pursuant to 28 U.S.C. §§ 1332(d) and 1441 based on the following:

**Commencement of the State Court Action**

1. On November 1, 2017, Plaintiff Richard Conn ("Plaintiff"), purportedly acting on his own behalf and on behalf of all others similarly situated, commenced an action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Conn v. LG Electronics, USA*, No. BC682080 (the "State Court Action"). A true and complete copy of the complaint in the State Court Action is attached hereto as Exhibit A (the "Complaint").

2. On November 6, 2017, LG was served with a copy of the Complaint and a summons from the State Court Action. A true and complete copy of the Proof of Service of Summons served upon LG, as filed in the State Court Action, is attached hereto as Exhibit B.

**The State Court Action Is Removable**

3. The State Court Action is removable to this Court because this Court has original jurisdiction and the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Los Angeles, California). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such an action is pending.").

4. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. § 1332(d), as the State Court

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

1 Action is a putative civil class action. Indeed, Plaintiff expressly filed the State

2 Court Action "pursuant to Federal Rules of Civil Procedure, Rule 23(a) and

3 23(b)(1), 23(b)(2), and 23(b)(3)." (Ex. A ¶ 31.)

4      5.     CAFA was enacted based on Congress's concern that "cases

5 involving large sums of money, citizens of many different States, and issues of

6 national concern, have been restricted to State courts even though they have

7 national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005).

8 CAFA's purpose is to allow "federal court consideration of interstate cases of

9 national importance under diversity jurisdiction." 28 U.S.C. § 1711.

10      6.     CAFA extends federal jurisdiction over class actions where: (1) any

11 member of the proposed class is a citizen of a state different from any defendant

12 (*i.e.*, minimal diversity exists); (2) there are at least 100 members in all proposed

13 plaintiff classes combined; and (3) the amount in controversy exceeds $5 million,

14 taking into account all damages and equitable relief sought for all of the purported

15 class members' claims in the aggregate, exclusive of interest and costs. *See* 28

16 U.S.C. §§ 1332(d). As explained in detail below, each of these requirements is

17 satisfied in this case.

18               **The Minimal Diversity Requirement Is Satisfied**

19      7.     A putative class action is removable based on diversity jurisdiction if

20 "any member of a class of plaintiffs is a citizen of a State different from any

21 defendant." 28 U.S.C. § 1332(d)(2)(A). There is sufficient (and complete)

22 diversity of citizenship between the relevant parties in this case.

23      8.     Plaintiff purports to be a citizen and resident of California. (Ex. A

24 ¶¶ 1, 8.)

25      9.     LG is incorporated under the laws of Delaware, and its principal place

26 of business is in Englewood Cliffs, New Jersey. (*See* Ex. A ¶ 3 (alleging that LG's

27 principal place of business is in New Jersey); Ex. C (Delaware Corporation

28 Certificate of Good Standing).) Thus, for purposes of determining diversity

1  jurisdiction, LG is a citizen of Delaware and New Jersey.  *See* 28 U.S.C.

2  § 1332(c)(1).[1]

3      10.  Although the Complaint purports to name Doe defendants, the

4  citizenship of Doe defendants "shall be disregarded" for purposes of the

5  removability analysis.  28 U.S.C. § 1441(b)(1).

6  **Plaintiff's Proposed Class Exceeds 100 Members**

7      11.  For a class action to be removable under CAFA, "the number of

8  members of all proposed plaintiff classes in the aggregate" must be at least 100.

9  28 U.S.C. § 1332(5)(B).  This requirement is met here.

10      12.  Plaintiff seeks to represent a class of "[a]ll persons in the United

11  States of America and its territories who purchased, new, one of the [12 models of

12  LG Smart TVs identified by Plaintiff]," and plans to expand this class definition to

13  include other TV models identified during discovery.  (Ex. A ¶¶ 28–29.)  Plaintiff

14  alleges that "numerous consumers in California State, and numerous consumers

15  throughout the United States are believed to be members of this class.  Joinder of

16  so many class members in to a single action is impracticable.  In fact, given the

17  number of class members, the only way to deliver substantial justice to all

18  members of the class is by means of a single class action."  (*Id.* ¶ 32.)

19      13.  Plaintiff's purported class action extends to all consumers in the

20  United States and its territories who purchased, new, one of the 12 models of LG

21  Smart TVs identified by Plaintiff in the Complaint.  Plaintiff alleges that "LG

22  manufactured and sold" the LG Smart TVs in the United States at least during the

23  period "[b]etween approximately 2009 and the present" – an eight-year period.

24  (Ex. A ¶ 14.)  The Complaint currently alleges violations of consumer protection

25  laws of 26 states and the District of Columbia.  Plaintiff's proposed class

26  accordingly contains well over 100 members.

27

28  [1]  The Complaint mistakenly identifies New Jersey as LG's state of
incorporation.  (*See* Ex. A ¶ 9; Ex. C.)

## The Amount in Controversy Exceeds the Jurisdictional Minimum

14.     The amount in controversy exceeds the jurisdictional minimum of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).  Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.*  Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

15.     For purposes of removal only, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties whatsoever, it is apparent that the aggregated claims of the putative class establish that the amount in controversy exceeds the jurisdiction minimum of $5,000,000, exclusive of interest and costs.

16.     In a putative class action, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the [jurisdiction minimum]." 28 U.S.C. § 1332(d)(6).

17.     Plaintiff seeks to represent a class of "[a]ll persons in the United States of America and its territories who purchased, new, one of the [12 models of LG Smart TVs identified by Plaintiff]," and plans to expand this class definition to include other TV models identified during discovery.  (Ex. A ¶¶ 28–29.)

18.     Plaintiff alleges in the Complaint that "[n]ew Smart TVs can easily exceed $1,000 in price[.]"  (Ex. A ¶ 26.)

19.     Plaintiff brought a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*  (Ex. A ¶¶ 95–99).  The UCL provides that a court may award a prevailing plaintiff restitution, which is generally "return [of] money obtained through an unfair business practice." *See Nelson v. Pearson Ford Co.*, 186 Cal. App. 4th 983, 1015, 1018 (2010), *overruled*

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

1  *in part on other grounds by Raceway Ford Cases*, 2 Cal. 5th 161, 173–76

2  (2016). Thus, potentially at stake in this case is a restitution award of over $1,000

3  to each of the class members based merely on Plaintiff's UCL claim. (*See* Ex. A

4  ¶ 32.)

5      20.    Plaintiff also brought a claim under California's Consumer Legal

6  Remedies Act ("CLRA"), Cal. Code Civ. Pro. §§ 1750, *et seq.* (Ex. A ¶¶ 90–94),

7  which allows a court to award restitution "consistent with the purpose of restoring

8  to the plaintiff the amount that the defendant wrongfully acquired." *Nelson*, 186

9  Cal. App. 4th at 1023. Thus, Plaintiff's CLRA claim puts a restitution award of

10  over $1,000 to each of the class members potentially at stake based merely on

11  Plaintiff's CLRA claim. (*See* Ex. A ¶ 32.)

12      21.    In addition, many of Plaintiff's causes of action under various states'

13  consumer protection laws provides for similar restitutionary relief of potentially

14  over $1,000 for each class member. *See, e.g.*, *Holeman v. Neils*, 803 F. Supp. 237,

15  242 (D. Ariz. 1992) ("A private individual's relief under the [Arizona] Consumer

16  Protection Act is his actual damages suffered as a result of the unlawful act or

17  practice. These damages include the consideration paid in the contract and out-of-

18  pocket expenses.") (citation omitted); Me. Rev. Stat. Ann. tit. 5 § 213 (providing a

19  private right to bring an action for "actual damages, restitution and . . . other

20  equitable relief"); R.I. Gen. Laws § 6-13.1-5 (allowing a court to enter any

21  judgment "necessary to restore to any person in interest any moneys or property,

22  real or personal, that may have been acquired by means of any practice in this

23  chapter declared to be unlawful").

24      22.    Over 5,000 persons in the United States and its territories purchased

25  new Smart TVs with the LG model numbers identified in the Complaint (LD550,

26  LD650, LE3530, LE5400, LE5500, LE7500, LE8500, LX6500, LX9500, PK750,

27  PK950, and PX950) during the period alleged in the Complaint, *i.e.*, from 2009 to

28

the present. Based on Plaintiff's allegations and asserted theories of recovery as pled, the amount in controversy easily exceeds $5,000,000.

23. Plaintiff further seeks all "general and special damages sustained" as a result of LG's purported conduct, including "punitive damages." (Compl. ¶ 74; *id.* at Prayer for Relief.) Punitive damages may be considered in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Accident Assocs.*, 325 F.2d 785, 787 (9th Cir. 1963).

24. Plaintiff also seeks attorneys' fees as permitted by law. (Ex. A, Prayer for Relief ¶ 5.) "[W]here an underlying statute authorizes an award of attorneys' fees, either in mandatory or discretionary language, they may be included in the amount in controversy" for purposes of removal. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Plaintiff seeks relief under 28 state consumer protection and unfair competition statutes, which may provide for attorneys' fees awards to the prevailing party. *See, e.g.*, *Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 149 (2006) (the California Consumer Legal Remedies Act, Cal. Code Civ. Pro. §§ 1750, *et seq.*, provides that a court shall award attorneys' fees to a prevailing plaintiff in litigation filed under the Act); *Davis v. Ford Motor Credit Co. LLC*, 179 Cal. App. 4th 581, 600 (2009) (a prevailing plaintiff in a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, "may seek attorney fees as a private attorney general pursuant to Code of Civil Procedure section 1021.5").

## LG Satisfies the Requirements of 28 U.S.C. § 1446

25. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

26. This Notice of Removal has been filed within thirty days of service of the Complaint and summons on Defendant.

27. Concurrently with the filing of this Notice, Defendants will give written notice to all adverse parties and will file a copy of this Notice with the

clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See* 28 U.S.C. § 1446(d).

28. LG does not waive, and expressly preserves, all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, LG removes the State Court Action to this Court.

Dated: December 6, 2017

Respectfully submitted,

LATHAM & WATKINS LLP
Michael H. Rubin
Robert W. Perrin
James H. Moon
Sarah F. Mitchell

By /s/ Michael H. Rubin
Michael H. Rubin

*Attorneys for Defendant LG Electronics U.S.A., Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES