# Exhibit A
# Part 1

Kaveh S. Elihu (SBN 268249)
Thomas L. Dorogi (SBN 236338)
Sylvia V. Panosian (SBN 310085)
**EMPLOYEE JUSTICE LEGAL GROUP, LLP**
3055 Wilshire Boulevard, Suite 1120
Los Angeles, California 90010
Telephone: (213) 382-2222
Fax: (213) 382-2230

Attorneys for Plaintiff Richard Conn

**FILED**
Superior Court of California
County of Los Angeles

NOV 01 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Marion Gomez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RICHARD CONN, on behalf of himself, all other others similarly situated, and the general public, | **CLASS ACTION** |
| | **COMPLAINT** |
| Plaintiffs, | BC682080 |
| vs. | |
| LG Electronics, USA, a New Jersey corporation, and DOES I through 100, inclusive, | |
| Defendants. | |

Plaintiff Richard Conn ("Plaintiff"), on his own behalf and on behalf of all other similarly situated persons ("The Class"), by and through their counsel, bring the following complaint against Defendant LG Electronics, USA ("Defendant" or "LG"), to obtain all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiff is entitled to recover under law and equity.

### I. JURISDICTION AND VENUE

1.    At all times relevant herein, Plaintiff is and was a citizen and resident of Los Angeles County, California.

COMPLAINT
Page 1

CIT/CASE: BC682080
LEA/DEF#:

RECEIPT #: CCH621759098
DATE PAID: 11/01/17  03:57 PM
PAYMENT: $1,435.00                    310
RECEIVED:
        CHECK:          $1,435.00
        CASH:               $0.00
        CHANGE:             $0.00
        CARD:               $0.00

11/01/2017

2. LG is a for-profit corporation organized under the laws of New Jersey.

3. LG's principal place of business is in New Jersey, where it is headquartered.

4. LG manufactures various consumer electronics products including specifically smart televisions ("Smart TVs").

5. At all relevant times LG conducts substantial business in California, as well as nationwide, regularly causing its products to be sold in California and across the United States.

6. Many of the wrongful acts, representations, omissions, occurred in Los Angeles County California..

7. Plaintiff purchased one of the LG brand Smart TVs that is the subject of this suit in California.

## II. PARTIES

8. Plaintiff is an individual, domiciled and residing in Los Angeles County, California.

9. LG is a corporation organized and operating under the laws of the state of New Jersey.

10. Defendant, its subcontractors, agents, directly or else through other persons acting on its behalf, conspired to, agreed to, contributed to, assisted with, and/or otherwise caused all of the wrongful acts, defects, and omissions which are the subject matter of this complaint.

## III. FACTUAL ALLEGATIONS

11. LG is in the business of manufacturing and selling into the market place consumer electronics, and specific to this action Smart TVs.

12. LG is one of the top manufacturers of Smart TVs sold in the United States.

13. A critical component to LG's success was brining to consumers large Smart TVs that could stream video content through the internet and connected applications (hereinafter "apps").

COMPLAINT
Page 2

14. From 2010 to the present YouTube was one of the top and most widely used video streaming apps in the world.

15. Between approximately 2009 and the present LG manufactured and sold new Smart TVs to the consuming public in the United States. During at least that timeframe one of the apps available on LG Smart TVs was YouTube. The manner in which YouTube sends content to and communicates with consumers' Smart TVs is commonly referred to its Application Programming Interface ("API"). Smart TVs sold during this time frame ran on an older flash-based API system. Beginning in 2013 Smart TV manufacturers including LG began switching to newer HTML5-based API systems. Smart TVs that run on the newer HTML5 systems still provide access to YouTube.

16. Flash-based Smart TVs, including those manufactured by LG during this time frame, no longer have access to the YouTube app. Flash-based Smart TVs manufactured by LG that no longer have access to the YouTube app are hereinafter referred to as "Affected Smart TVs."

17. At the time, Affected Smart TVs had the new and unique capability to, among other things, access video streaming applications directly from the television. Not since the advent of color television had consumers' television viewing experience changed so dramatically. Manufacturers including Defendant took advantage of the dramatic change in television use – profits and revenues soared.

18. Defendant sold Affected Smart TVs to consumers by promoting them as inherently different from traditional television sets based on their ability to access video streaming entertainment apps. Defendant promoted Affected Smart TVs as having all the convenience of smart phones and computers with the ease and convenience of using a familiar device – the

COMPLAINT
Page 3

television set – in the comfort of consumers' living rooms. To lure consumers in, Defendant promoted its most popular Affected Smart TV video streaming entertainment apps, including YouTube. Specifically, Defendant promoted Affected Smart TVs by placing the YouTube logo on its packaging, in-store displays, and by displaying the YouTube app in its commercials and in online advertising to inform consumers that Affected Smart TVs came with YouTube access included upon purchase.

19.     Defendant promoted, through advertising and marketing that educated and informed the consuming public, its Affected Smart TVs as a means to access YouTube. At no time prior to 2013 did Defendant disclaim that continued use of the YouTube app, for the life of its Affected Smart TVs, could or would end.

20.     Defendant's website advertised its Affected Smart TVs, stating "LG Smart TVs offer the ease of a television and the functionality of a computer. And whether you want to watch your favorite show, surf the web, check out the latest YouTube video . . . you can do it all . . . [O]ur internet TV offers a fast, streamlined approach to the technology you use the most." (https://web.archive.org/web/20121016010938/http://www.lg.com/us/tv-audio-video/discoverlgtvs/smarttv/index.jsp ).

21.     Defendant promoted its Affected Smart TVs on its website to consumers as allowing them to "enjoy millions of YouTube videos." (https://web.archive.org/web/20120309025249/http://www.lg.com/us/tv-audio-video/discoverlgtvs/smarttv/limitless-content.jsp ).

22.     LG's Smart TV strategy was critical to its success, and the marketing and inclusion of YouTube as one of those applications was a necessary component to drive its sales, and increase its market share.

23.     LG's website concedes that its Affected Smart TVs manufactured prior to 2013 can no longer access YouTube. (http://www.lg.com/us/support/product-help/CT10000018-1432350562046-youtube-application-will-not-load ). The same webpage explains that "YouTube

COMPLAINT
Page 4

has ended support for many devices from All manufacturers. This affects the following LG Model Series: LD550, LD650, LE3530, LE5400, LE5500, LE7500, LE8500, LX6500, LX9500, PK750, PK950, and PX950." LG also notes that "Products purchased later than 2012 may still have been manufactured before that time" such that they would still be affected by missing access to YouTube.

24. Defendant has offered no remedy to Plaintiff or the millions of similarly situated consumers that have since lost access to YouTube on Defendant's Affected Smart TVs. Defendant's advice to consumer complainants related to loss of YouTube functionality is to either (a) buy a new Smart TV, or (b) buy a separate, exterior streaming device such as a Google Chromecast, which would then allow consumers to access YouTube content on their "Smart" TVs. In other words, Defendant is using the loss of YouTube functionality on its Affected Smart TVs to continue to profit off of consumers who, like Plaintiff, have suffered harm.

25. YouTube explained the sudden loss of access to its app on older-model Smart TVs, including Affected Smart TVs manufactured by Defendant, in the following notice:

> The YouTube Flash app on older TV device models will no longer be available starting June 26th 2017. If your TV model is from 2012 or earlier, you likely have this older version of the YouTube app which looks like this.
>
> In 2012, YouTube and our device partners started distributing an HTML5 version of the YouTube app for TVs. This app has many new features and other improvements that are not available on the older Flash app. We now think it is the right time to end-of-life this app because as we continue to roll out new features to the current YouTube on TV app (topic tabs, improved search, watch next, recommendations, better transport controls, etc.) the legacy devices using the Flash app cannot get them.
>
> 1. **How to continue watching YouTube**
> If your device is impacted by this launch, you can still continue watching YouTube using the following methods:
>
>    a. **Continue using your existing TV**
>    You can attach a streaming stick / box to your TV's HDMI input to continue watching YouTube on TV using your existing TV screen. Low cost options for this include: Chromecast and Android TV.

**b.**     **Upgrade to a newer Smart TV or Game Console**

Most Smart TVs from 2013 and onward have the latest version of the YouTube app for TV.

YouTube is also available to be installed on PlayStation 3 & 4, Xbox 360 and Xbox One, and Wii U.

26.     New Smart TVs can easily exceed $1,000 in price, while exterior streaming devices range in price from $50 to upwards of $100 per unit.

27.     During the time period in which Plaintiff and the Class purchased Affected Smart TVs from Defendant there was no indication from Defendant that YouTube access could or would cease to be provided in Affected Smart TVs.

## IV. CLASS ACTION ALLEGATIONS

28.     Representative Plaintiff brings this class action on behalf of himself and as a representative of the following class of persons (the "National Class") entitled to remedies including but not limited to, injunctive relief and damages:

> All persons in the United States of America and its territories who purchased, new, one of the following model numbers of Affected Smart TV manufactured by Defendant:
>
> **LD550, LD650, LE3530, LE5400, LE5500, LE7500, LE8500, LX6500, LX9500, PK750, PK950, and PX950**

29.     LG should be on notice that Plaintiff plans to expand this class definition to any and all other television models or other devices identified in discovery that are further impacted by the loss of YouTube functionality, and were sold by LG at a time where there was no disclaimer to consumer that this critical application could be discontinued.

30.     Plaintiff also brings this class action on behalf of all residents of the following states and territories that purchased new, and whom still own a LG-manufactured Affected Smart TV that beginning in June 2017, lost its ability to directly access YouTube streaming video content: Alaska, Arizona, California, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri,

COMPLAINT
Page 6

New Hampshire, New Jersey, New York, North Carolina, North Dakota, Ohio, Rhode Island, Texas, Vermont, Washington, and West Virginia.

31.     Plaintiffs' class claims satisfy all of the requirements for class action certification pursuant to the Federal Rules of Civil Procedures, Rules 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

32.     Satisfying all requisite numerosity requirements, numerous consumers in California State, and numerous consumers throughout the United States are believed to be members of this class. Joinder of so many class members in to a single action is impracticable. In fact, given the number of class members, the only way to deliver substantial justice to all members of the class is by means of a single class action.

33.     There are questions of fact and law common to the class, which predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's conduct include, without limitation, the following:

        a.      Whether Defendant negligently, willfully, and/or knowingly caused the sale of Affected Smart TVs to consumers in California, and nationwide without continuing to provide access to key applications such as YouTube.

        b.      Whether Defendant failed to warn consumers that YouTube may be discontinued, without support on the Affected Smart TVs.

        c.      Whether Defendant failed to adequately design its Affected Smart TVs to support any and all updates necessary to continue critical applications such as YouTube.

        d.      To what extent, without access to YouTube, the value of Defendant's Affected Smart TVs has been diminished due.

        e.      Whether Defendant failed to exercise reasonable care in engineering designing, and updating its Affected Smart TVs to ensure the applications it marketed to consumers could be supported for the life of the Affected Smart TVs.

        f.      Whether Defendant negligently or intentionally mislead consumers by its common marketing materials of its Affected Smart TVs.

COMPLAINT
Page 7

g.     Whether Defendant breached its contract with consumers that purchased Affected Smart TVs when YouTube functionality was permanently lost on those devices on June 26, 2017.

h.     Whether loss of YouTube functionality on Affected Smart TVs breached the implied warranty of merchantability.

i.     Whether LG's advertisements, marketing, packaging, store displays and LG's promotion of Affected Smart TVs violated states' consumer protection laws.

34.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiff's and the Class' claims.

35.     Plaintiff's claims are typical of those of the Class in that they, just like the other members of the class, purchased televisions specifically identified by Defendant itself that no longer has the advertised support for one of its most critical applications, YouTube.

36.     A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted in a general manner to the damage of the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests. Moreover, the individual damages to Plaintiff and the Class are so low that it would be economically impracticable for Plaintiff and putative class members to bring their claims individually.

37.     A primary factor in Plaintiff bringing this case is for final injunctive relief which is necessary and appropriate to ensure that Defendant ceases and desists its unlawful and wrongful conduct, as well as specifically be ordered to provide a remedy for consumers to regain the supported application that was promised upon purchase.

38.     A class action is the most efficient means to ensure that Defendant does not continue to injure the class in the future.

COMPLAINT
Page 8

1  39.     Plaintiff is an adequate representative of the class because he is a member of the
2  class and his interests do not conflict with the interests of the members of the class he seeks to
3  represent. The interests of the putative class members will be fairly and adequately protected by
4  Plaintiff. Also, Plaintiff is represented by a team of attorneys who together have extensive,
5  multi-jurisdictional experience representing clients in complex class action litigation.

6  40.     Maintenance of this action as a class action is a fair and efficient method for the
7  adjudication of this controversy.  It would be impractical and undesirable for each member of the
8  class who suffered harm to bring a separate action.  In addition, the maintenance of separate
9  actions would place a substantial and unnecessary burden on the courts and could result in
10  inconsistent adjudications, while a single class action can determine, with judicial economy, the
11  rights of all class members.

12  41.     If this action is not certified as a class action, then given the number of class
13  members, the only way that the court system will not be overburdened by a multiplicity of suits
14  over the subject matter of this complaint is if members of the class cannot or do not pursue an
15  action against Defendant for reasons altogether unrelated to the merits of their claims, *e.g.*,
16  challenges in accessing legal counsel, the mundane realities of surviving in a challenging
17  economy, *et cetera*. Most putative class members can obtain legal representation for their claims
18  only through a class action. The only practical way to ensure that all members of the class are
19  afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries
20  inflicted upon them by Defendant is to resolve the subject matter of this complaint through a
21  class action.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT
*(Plaintiff and the National Class vs. Defendant)*

25  42.     Plaintiff and the Class reassert and re-allege the allegations set forth in the above
26  paragraphs.

27

COMPLAINT
Page 9

43.     Beginning prior to 2009 Defendant launched its new Smart TV product segment determined to expand its market share and capture a new generation of consumers particularly focused on the ability to stream video content to their devices.

44.     Defendant's strategy was very successful, as it saw both sales are profits sore with the offering of its new Smart TVs.

45.     One of the critical offerings for Smart TVs was the YouTube app, promising to consumers that with the purchase of Defendant's Affected Smart TVs the consumer would have access to one of the world's most popular video streaming apps including YouTube.

46.     Defendant highlighted this as an important component of its Affected Smart TVs in marketing including but not limited to its packaging, advertisements, marketing, its website, its representation of Affected Smart TVs in various publications, and by statements made publicly to consumers across the United States regarding the functionality of Affected Smart TVs.

47.     Plaintiff and the Class relied upon these representations, agreeing to pay specific amounts of monies for Affected Smart TVs because of their apparently guaranteed access to YouTube for the life of the product.

48.     Upon information and belief, at no point during the time when Defendant manufactured and sold Affected Smart TVs did Defendant inform Plaintiff or the Class that those devices could or would lose access to the YouTube app. Instead LG boldly proclaimed that this key feature was simply part of its platform and included with the purchase of Affected Smart TVs.

49.     In other words, Defendant promised that if Plaintiff and the Class paid for its Affected Smart TVs, then they would get access to YouTube on their Affected Smart TVs for the life of the product.

50.     Plaintiff and the Class paid consideration for this promise forming mutual assent and a contract.

COMPLAINT
Page 10

51.     Defendant intended that Plaintiff and the Class would believe they were buying a Smart TV with access to YouTube on the device for the life of the product, and in return asked consumers to pay for that promise.

52.     Plaintiff and the Class reasonably believed – based on Defendant's representations – that it would support the YouTube application for the life of the Affected Smart TVs.

53.     When YouTube access suddenly and permanently ceased to be available on Affected Smart TVs on June 26, 2017, with the only solution to consumers being that they could purchase a new Smart TV or purchase an exterior video streaming device, it breached its agreement with Plaintiff and the Class.

54.     Plaintiffs and Class were the intended recipient of Defendants promises, in order to promote the sale of its Affected Smart TVs in order to receive consideration for those promises, and ultimately to profit from those sales.

55.     Defendant breached the agreement—under both state and federal common law.

56.     Plaintiff and the Class have suffered damages in an amount to be determined at trial, including, but not limited to, the amount of diminished value to their televisions as a result of the lost YouTube functionality, or in the alternative based on a reasonable cure by specific performance – Defendant provides each Class member with an exterior streaming device that will return access to YouTube to the Affected Smart TVs.

## SECOND CAUSE OF ACTION

### UNJUST ENRICHMENT/ QUASI CONTRACT
*(Plaintiff and the National Class vs. Defendant)*

57.     Plaintiff and the Class reassert and re-allege the allegations set forth in the above paragraphs.

58.     Plaintiff and the Class conferred a benefit upon Defendant when they paid for the promised Affected Smart TVs and Defendant had knowledge of the benefit.

COMPLAINT
Page 11

59.     Defendant's advertisements, marketing strategy, representations, and sale of these Affected Smart TVs with YouTube enriched Defendant and increased its revenue, as was Defendant's intention.

60.     Defendant sold the Affected Smart TVs for more than it could have if it notified Plaintiff and the Class that YouTube functionality would cease prior to the end life of the products purchased.

61.     Defendant's retention of these extra monies from Plaintiff and the Class is unjust. By retaining these extra monies, Defendant has been unjustly enriched under both state and federal common law.

62.     As a result, Plaintiff and the Class were and currently remain damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION
*(Plaintiff and the National Class vs. Defendant)*

63.     Plaintiff and the Class reassert and re-allege the allegations set forth in the above paragraphs.

64.     Defendant made multiple, uniform material misrepresentations to Plaintiff and the Class; specifically, that one of the world's most popular video streaming apps, YouTube, would be available on Affected Smart TVs for the life of the products. YouTube functionality for the life of the product was a material misrepresentation not only due to the popularity of YouTube as a video streaming app, but especially because, unlike other video streaming apps available on Affected Smart TVs, YouTube app functionality on Affected Smart TVs came without the additional subscription expenditure required to access similar video streaming apps such as Netflix and Hulu.

65.     Plaintiff and the Class reasonably believed that YouTube access would be available for the life of Affected Smart TVs because Defendant failed to disclaim or otherwise warn that YouTube functionality could or would cease to be provided on Affected Smart TVs at any time before the end of life of Affected Smart TVs. In addition, because Defendant took

COMPLAINT
Page 12

it upon itself to educate Plaintiff and the Class about what Smart TVs provided, why they should pay a premium to purchase a Smart TV as opposed to a normal television, and because Smart TV technology was new technology, it was reasonable for Plaintiff and the Class to believe Defendant's representations about YouTube app functionality being available for the life of the product. Without owning YouTube or having a written agreement guaranteeing access to YouTube for the life of the product on Affected Smart TVs, Defendant had no reason to believe that YouTube access would be available on Affected Smart TVs for the life of those products.

66.     Defendant intended that Plaintiff and the Class would rely on its representations regarding YouTube access being available for the life of the product. Its intent is manifested by the prominent placement of the YouTube app logo in its advertising, marketing and promotion of the Affected Smart TVs.

67.     Plaintiff and the Class were justified in relying on Defendant's representations regarding YouTube accessibility on Affected Smart TVs because, during the time in question, Smart TV technology was relatively new and reasonable consumers had no reason to expect that accessibility could or would cease on their Affected Smart TVs.

68.     Plaintiff and the Class were and currently remain damaged as a result of Defendant's misrepresentations by having their Affected Smart TVs lose functionality and value by no longer having access to the YouTube app.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE, GROSS NEGLIGENCE, WILLFUL AND WONTON CONDUCT: DESIGN AND DEFECT

*(Plaintiff and the National Class vs. Defendant)*

69. Plaintiff and the Class reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

70. At all times material Defendant was responsible for manufacturing, assembling,

COMPLAINT
Page 13

selecting, testing, equipping, marketing, distributing, and selling the Affected Smart TVs.

71. At all times relevant Defendant owed a duty to Plaintiff and the Class of reasonable care to manufacture, select, inspect, test, assemble, equip, market, distribute, and sell the Affected Smart TVs so that key applications, including YouTube, were supported for the life of the product.

72. Al all relevant times herein Defendant was negligent, grossly negligent, willful, wanton, reckless and careless in the design, inspection, marketing, and distribution of its Affected Smart TVs and breached its duty of care owed to Plaintiff and the Class by:

a. failing to adopt and implement adequate testing procedures to ensure the apps it marketed to the Plaintiff and the Class could be supported for the life of the product;

b. failing to design, manufacture, test, and/or identify Affected Smart TVs so that the apps it marketed to the Plaintiff and the Class could be supported for the life of the product;

c. failing to exercise reasonable care in the inspection of the Affected Smart TVs to ensure that Plaintiff and the Class would receive YouTube access on the Affected Smart TVs for the life of the product TV;

d. failing to adopt and implement adequate warnings and disclaimers for its Affected Smart TVs to the consumer regarding the long-term support of apps, such as YouTube, for the life of the product;

e. and on such other further particulars as the evidence may show.

73. At all times relevant, as a direct and proximate result of Defendant's negligence and breaches complained of herein Plaintiff and the Class suffered harm.

74. By reason of the foregoing, Plaintiff and the Class are entitled to recover for all general and special damages sustained as a direct and proximate result of Defendant's negligent and grossly negligent acts or omissions.

## FIFTH CAUSE OF ACTION

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

*(Plaintiff and the National Class vs. Defendant)*

75. Plaintiff and the Class reassert and re-allege the allegations set forth in the

COMPLAINT
Page 14

above paragraphs as if the same were alleged herein this count.

76.     When Defendant sells its Affected Smart TVs into the market they come with an implied warranty of merchantability.

77.     This warranty at its minimum requires Defendant to accurately label its product, fulfill the promises made to Plaintiff and the Class, and provide a good fit for the purpose that it was paid consideration for in the sale of its Affected Smart TVs.

78.     In the context of Defendant's Affected Smart TVs that includes the support of the YouTube application for the life of the product, or accurate labeling to ensure the consumer understood that its promotion of the application did not guarantee the consumer would have access to this feature for the life of the product.

79.     By reason of the foregoing, Plaintiff and the Class are entitled to recover for all general and special damages sustained as a direct and proximate result of Defendant's breach of its warranties of merchantability.

## SIXTH CAUSE OF ACTION

**(Violation of Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471, *et seq.*)**

80.     Plaintiff and the Alaska Class repeat and reallege each and every allegation above as if set forth in full herein.

81.     Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of Alaska Stat. 45.50.471(b)(4).

82.     Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

COMPLAINT
Page 15

83.     Defendant's unfair and deceptive representations occurred in trade or commerce.

84.     Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## SEVENTH CAUSE OF ACTION

### (Violation of Arizona's Consumer Fraud Act, Ariz. Rev. Stat. Ann. §44-1521, *et seq.*)

85.     Plaintiff and the Arizona Class repeat and reallege each and every allegation above as if set forth in full herein.

86.     Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

87.     Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

88.     Defendant's unfair and deceptive representations occurred in trade or commerce.

89.     Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## EIGHTH CAUSE OF ACTION

### (Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*)

90.     Plaintiff and the California Class repeat and reallege each and every allegation above as if set forth in full herein.

91.     Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

COMPLAINT
Page 16

92.     Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

93.     Defendant's unfair and deceptive representations occurred in trade or commerce.

94.     Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## NINTH CAUSE OF ACTION

### (Violation of California Business and Professions Code §§ 17200, *et seq.*)

95.     Plaintiff and the California Class repeat and reallege each and every allegation above as if set forth in full herein.

96.     Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess which was unfair.

97.     Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

98.     Defendant's unfair and deceptive representations occurred in trade or commerce.

99.     Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class requiring restitution.

## TENTH CAUSE OF ACTION

### (Violation of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. Ann. § 42-110a, *et seq.*)

100.    Plaintiff and the Connecticut Class repeat and reallege each and every allegation above as if set forth in full herein.

101.    Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its

Affected Smart TVs would have access to YouTube for the life of the product.  That

representation to Plaintiff and the Class represented characteristics, uses and benefits that

Defendant's Affected Smart TVs did not possess in violation of law.

102.  Defendant intended that consumers would rely on the characteristics, uses and

benefits it represented regarding its Affected Smart TVs.

103.  Defendant's unfair and deceptive representations occurred in trade or commerce.

104.  Defendant's representation was unfair and deceptive resulting in an ascertainable

economic injury to Plaintiff and the Class.

## ELEVENTH CAUSE OF ACTION

### (Violation of Delaware's Consumer Fraud Act, Del. Code Ann. Tit. 6, § 2511, *et*

### *seq.*)

105.  Plaintiff and the Delaware Class repeat and reallege each and every allegation

above as if set forth in full herein.

106.  Defendant represented through advertising, marketing, packaging and by

educating the consuming public about the then-emerging Smart TV product segment, that its

Affected Smart TVs would have access to YouTube for the life of the product.  That

representation to Plaintiff and the Class represented characteristics, uses and benefits that

Defendant's Affected Smart TVs did not possess in violation of law.

107.  Defendant intended that consumers would rely on the characteristics, uses and

benefits it represented regarding its Affected Smart TVs.

108.  Defendant's unfair and deceptive representations occurred in trade or commerce.

109.  Defendant's representation was unfair and deceptive resulting in an ascertainable

economic injury to Plaintiff and the Class.

## TWELFTH CAUSE OF ACTION

### (Violation of District of Columbia's Consumer Protection Procedures Act, D.C.

### Code § 28-3901, *et seq.*)

COMPLAINT
Page 18

110.  Plaintiff and the District of Columbia Class repeat and reallege each and every allegation above as if set forth in full herein.

111.  Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

112.  Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

113.  Defendant's unfair and deceptive representations occurred in trade or commerce.

114.  Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## THIRTEENTH CAUSE OF ACTION

**(Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.*)**

115.  Plaintiff and the Florida Class repeat and reallege each and every allegation above as if set forth in full herein.

116.  Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

117.  Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

118.  Defendant's unfair and deceptive representations occurred in trade or commerce.

119.  Defendant's representation was unfair and deceptive resulting in an ascertainable

COMPLAINT
Page 19

economic injury to Plaintiff and the Class.

## FOURTEENTH CAUSE OF ACTION

### (Violation of Georgia's Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 10-1-370, *et seq.*)

120.   Plaintiff and the Georgia Class repeat and reallege each and every allegation above as if set forth in full herein.

121.   Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

122.   Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

123.   Defendant's unfair and deceptive representations occurred in trade or commerce.

124.   Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## FIFTEENTH CAUSE OF ACTION

### (Violation of Hawaii's Unfair Practices Act, Haw. Rev. Stat. § 480-1, *et seq.*)

125.   Plaintiff and the Hawaii Class repeat and reallege each and every allegation above as if set forth in full herein.

126.   Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

127.   Defendant intended that consumers would rely on the characteristics, uses and

COMPLAINT
Page 20

benefits it represented regarding its Affected Smart TVs.

128. Defendant's unfair and deceptive representations occurred in trade or commerce.

129. Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## SIXTEENTH CAUSE OF ACTION

### (Violation of Illinois Consumer Fraud and Deceptive Business Practices Act, Ill. Comp. Stat. 505/1, *et seq.*)

130. Plaintiff and the Illinois Class repeat and reallege each and every allegation above as if set forth in full herein.

131. Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

132. Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

133. Defendant's unfair and deceptive representations occurred in trade or commerce.

134. Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## SEVENTEENTH CAUSE OF ACTION

### (Violation of Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann. Tit. 5, § 205-A *et seq.*)

135. Plaintiff and the Maine Class repeat and reallege each and every allegation above as if set forth in full herein.

136. Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its

COMPLAINT
Page 21

Affected Smart TVs would have access to YouTube for the life of the product. That material

representation to Plaintiff and the Class represented characteristics, uses and benefits that

Defendant's Affected Smart TVs did not possess in violation of law.

137. Defendant intended that consumers would rely on the characteristics, uses and

benefits it represented regarding its Affected Smart TVs.

138. Defendant's unfair and deceptive representations occurred in trade or commerce.

139. Defendant's representation was unfair and deceptive resulting in an ascertainable

economic injury to Plaintiff and the Class.

## EIGHTEENTH CAUSE OF ACTION

### (Violation of Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-

### 101, *et seq.*)

140. Plaintiff and the Maryland Class repeat and reallege each and every allegation

above as if set forth in full herein.

141. Defendant represented through advertising, marketing, packaging and by

educating the consuming public about the then-emerging Smart TV product segment, that its

Affected Smart TVs would have access to YouTube for the life of the product. That material

representation to Plaintiff and the Class represented characteristics, uses and benefits that

Defendant's Affected Smart TVs did not possess in violation of law.

142. Defendant intended that consumers would rely on the characteristics, uses and

benefits it represented regarding its Affected Smart TVs.

143. Defendant's unfair and deceptive representations occurred in trade or commerce.

144. Defendant's representation was unfair and deceptive resulting in an ascertainable

economic injury to Plaintiff and the Class.

## NINETEENTH CAUSE OF ACTION

### (Violation of Massachusetts' Consumer Protection Act, Mass. Gen. Laws ch. 93A, §

### 1, *et seq.*)

COMPLAINT
Page 22

145.   Plaintiff and the Massachusetts Class repeat and reallege each and every allegation above as if set forth in full herein.

146.   Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

147.   Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

148.   Defendant's unfair and deceptive representations occurred in trade or commerce.

149.   Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

**TWENTIETH CAUSE OF ACTION**

**(Violation of Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. §**

**445.901, *et seq.*)**

150.   Plaintiff and the Michigan Class repeat and reallege each and every allegation above as if set forth in full herein.

151.   Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

152.   Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

153.   Defendant's unfair and deceptive representations occurred in trade or commerce.

154.   Defendant's representation was unfair and deceptive resulting in an ascertainable

economic injury to Plaintiff and the Class.

## TWENTY-FIRST CAUSE OF ACTION

### (Violation of Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F67, *et seq.*)

155.   Plaintiff and the Minnesota Class repeat and reallege each and every allegation above as if set forth in full herein.

156.   Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

157.   Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

158.   Defendant's unfair and deceptive representations occurred in trade or commerce.

159.   Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## TWENTY-SECOND CAUSE OF ACTION

### (Violation of Missouri's Merchandising Practices Act, Mo. Ann. Stat. § 407.010, *et seq.*)

160.   Plaintiff and the Missouri Class repeat and reallege each and every allegation above as if set forth in full herein.

161.   Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

COMPLAINT
Page 24

162. Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

163. Defendant's unfair and deceptive representations occurred in trade or commerce.

164. Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## TWENTY-THIRD CAUSE OF ACTION

### (Violation of New Hampshire's N.H. Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*)

165. Plaintiff and the New Hampshire Class repeat and reallege each and every allegation above as if set forth in full herein.

166. Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

167. Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

168. Defendant's unfair and deceptive representations occurred in trade or commerce.

169. Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## TWENTY-FOURTH CAUSE OF ACTION

### (Violation of New Jersey's Unfair Trade Practices Act, N.J. Stat. Ann. § 56:8-19, *et seq.*)

170. Plaintiff and the New Jersey Class repeat and reallege each and every allegation above as if set forth in full herein.

171. Defendant represented through advertising, marketing, packaging and by

COMPLAINT
Page 25

educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

172.	Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

173.	Defendant's unfair and deceptive representations occurred in trade or commerce.

174.	Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## TWENTY-FIFTH CAUSE OF ACTION

### (Violation of New York's Consumer Protection from Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §§ 349-350-f-1)

175.	Plaintiff and the New York Class repeat and reallege each and every allegation above as if set forth in full herein.

176.	Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

177.	Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

178.	Defendant's unfair and deceptive representations occurred in trade or commerce.

179.	Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

COMPLAINT
Page 26

## TWENTY-SIXTH CAUSE OF ACTION

**(Violation of North Carolina's Monopolies, Trusts and Consumer Protection Act,**

**N.C. Gen. Stat. § 75-1, *et seq*.)**

180.   Plaintiff and the North Carolina Class repeat and reallege each and every allegation above as if set forth in full herein.

181.   Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

182.   Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

183.   Defendant's unfair and deceptive representations occurred in trade or commerce.

184.   Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## TWENTY-SEVENTH CAUSE OF ACTION

**(Violation of North Dakota's Consumer Fraud statute, N.D. Cent. Code § 51-15-01,**

***et seq*.)**

185.   Plaintiff and the North Dakota Class repeat and reallege each and every allegation above as if set forth in full herein.

186.   Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

187.   Defendant intended that consumers would rely on the characteristics, uses and

Exhibit A

36

benefits it represented regarding its Affected Smart TVs.

188.     Defendant's unfair and deceptive representations occurred in trade or commerce.

189.     Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## TWENTY-EIGHTH CAUSE OF ACTION

### (Violation of Ohio's Consumer Sales Protection Act, Ohio Rev. Code Ann. § 1345.01, *et seq.*)

190.     Plaintiff and the Ohio Class repeat and reallege each and every allegation above as if set forth in full herein.

191.     Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

192.     Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

193.     Defendant's unfair and deceptive representations occurred in trade or commerce.

194.     Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## TWENTY-NINTH CAUSE OF ACTION

### (Violation of Rhode Island's Unfair Trade Practices & Consumer Protection Act, Ri. Gen. Laws § 6-13.1-1, *et seq.*)

195.     Plaintiff and the Rhode Island Class repeat and reallege each and every allegation above as if set forth in full herein.

196.     Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its

COMPLAINT
Page 28

Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

197. Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

198. Defendant's unfair and deceptive representations occurred in trade or commerce.

199. Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## THIRTIETH CAUSE OF ACTION

**(Violation of Texas' Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41, *et seq.*)**

200. Plaintiff and the Texas Class repeat and reallege each and every allegation above as if set forth in full herein.

201. Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

202. Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

203. Defendant's unfair and deceptive representations occurred in trade or commerce.

204. Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## THIRTY-FIRST CAUSE OF ACTION

**(Violation of Vermont's Consumer Fraud Law, 9 Vt. Stat. Ann., § 2451 *et seq.*)**

205. Plaintiff and the Vermont Class repeat and reallege each and every allegation above as if set forth in full herein.

COMPLAINT
Page 29

Exhibit A

38

206.    Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

207.    Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

208.    Defendant's unfair and deceptive representations occurred in trade or commerce.

209.    Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

### THIRTY-SECOND CAUSE OF ACTION

**(Violation of Washington's Unfair Business Practices – Consumer Protection Act, Wash. Rev. Code Ann. § 19.86.010, *et seq*.)**

210.    Plaintiff and the Washington Class repeat and reallege each and every allegation above as if set forth in full herein.

211.    Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product. That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

212.    Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

213.    Defendant's unfair and deceptive representations occurred in trade or commerce.

214.    Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

215.    Further, Plaintiff and the Class are entitled to all attorney fees, damages, and

COMPLAINT
Page 30

treble damages as allowed under Washington's Consumer Protection Act.

## THIRTY-THIRD CAUSE OF ACTION

**(Violation of West Virginia's Consumer Credit and Protection Act, W.Va. Code Ann. § 46A-1-101, *et seq.*)**

216.    Plaintiff and the West Virginia Class repeat and reallege each and every allegation above as if set forth in full herein.

217.    Defendant represented through advertising, marketing, packaging and by educating the consuming public about the then-emerging Smart TV product segment, that its Affected Smart TVs would have access to YouTube for the life of the product.  That material representation to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Affected Smart TVs did not possess in violation of law.

218.    Defendant intended that consumers would rely on the characteristics, uses and benefits it represented regarding its Affected Smart TVs.

219.    Defendant's unfair and deceptive representations occurred in trade or commerce.

220.    Defendant's representation was unfair and deceptive resulting in an ascertainable economic injury to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class pray for relief as follows:

1.    Certification of Plaintiff's class action claims pursuant to Federal Rule of Civil Procedure 23;

2.    Designation of Plaintiff as an adequate class representative for Class Members;

3.    Designation of Plaintiff's counsel as Class Counsel;

4.    An award of actual, statutory, and/or punitive damages for to the extent recoverable by law;

5.    An award of costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

COMPLAINT
Page 31

1       6.     Equitable relief by way of specific performance sufficient to reinstate Affected

2 Smart TVs' access to YouTube;

3       7.     Pre-judgment and post-judgment interest, as provided by law;

4       8.     Payment of a reasonable incentive award to Plaintiff in recognition of the services

5 he has and will render in furtherance of all Class members' interests including the risks he is

6 taking litigating this case; and

7       9.     Such other and further legal and equitable relief as this Court deems necessary,

8 just and proper.

9

10                        **VIII. JURY DEMAND**

11     Representative Plaintiff demands a jury trial on all issues so triable.

12

13 DATED: November 1, 2017             Respectfully submitted,

14                        **EMPLOYEE JUSTICE LEGAL GROUP LLP**

15

16                        By:

17                        Kaveh S. Elihu (SBN 268249)
                       Thomas L. Dorogi (SBN 236338)

18                        Sylvia V. Panosian (SBN 310085)
                       **EMPLOYEE JUSTICE LEGAL GROUP, LLP**

19                        3055 Wilshire Boulevard, Suite 1120
                       Los Angeles, California 90010

20                        Telephone: (213) 382-2222
                       kelihu@ejlglaw.com

21                        tdorogi@ejlglaw.com
                       spanosian@ejlglaw.com

22                        *Attorneys for Plaintiff*

23

24

25

26

27